# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SHERRY PICKERILL,**

      **Plaintiff,**

**v.**                                         **CASE NO:  8:08-CV-1546-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      **Defendant.**

_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") under the Act.[1]

The undersigned, after reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case, as well as the relevant statutory and case law, affirms the decision of the ALJ in denying Plaintiff's claim.

In an action for judicial review, the reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards.  See 42 U.S.C. § 405(g) (2006).  Substantial evidence is "such relevant evidence as a

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 13).

reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. <u>Goodley v. Harris</u>, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[2]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standards. <u>See</u> <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. <u>See</u> <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

On May 14, 2004, Plaintiff filed applications for a period of disability, DIB, and SSI, alleging a disability onset date of October 15, 2000. (T 16) The applications were denied initially and on reconsideration. (<u>Id.</u>) Following a May 8, 2007 administrative hearing, the ALJ denied Plaintiff's application in a November 27, 2007 decision. (T 16-27) The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T 5-7) The Commissioner's decision is now ripe for review under the Act.

At the time of the hearing, Plaintiff was forty-one (41) years old and had a high school education. (T 25, 407) Her past work experience included work as a sales clerk, a caregiver, and housekeeper. (T 409)

_____

[2] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

To determine if Plaintiff was disabled, the ALJ performed a five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability on October 15, 2000. (T 18) Second, while Plaintiff's ailments, including bipolar disorder and obesity, were "severe," these impairments, whether considered singly or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (T 18, 20) Third, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") for a limited range of medium work activity.[3] (T 21) Fourth, based on Plaintiff's RFC, the ALJ found that Plaintiff was capable of performing her past relevant work as a housekeeper. (T 25) Alternatively, based on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could also perform work as a hand packager, order picker, and machine tender. (T 26) Accordingly, the ALJ concluded that Plaintiff was not disabled at any time through the date of the decision and denied Plaintiff's claim for DIB and SSI under the Act. (Id.)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issue presented.

## II.

Plaintiff contends the Commissioner erred by (1) failing to incorporate into Plaintiff's RFC certain limitations espoused by Melissa Trimmer, Psy.D. ("Dr. Trimmer"), a consultative psychologist; and (2) failing to give great weight to the opinion of consultative examiner Ladapo Shyngle, M.D., ("Dr. Shyngle") (Dkt. 15 at 16-19).

---

[3] The ALJ specifically found that Plaintiff "has the residual functional capacity to perform medium work with an occasional limitation for interacting with others and concentrating on tasks, but capable of performing routine, repetitive tasks with only occasional contact with the public." (T 21)

**A.**     Plaintiff argues the ALJ erred when he failed to incorporate into Plaintiff's RFC Dr. Trimmer's opinion that Plaintiff is not likely to be a reliable worker (Dkt. 15 at 16).  According to Plaintiff, the ALJ was required to credit Dr. Trimmer's entire opinion because he assigned the opinion great weight.

The weight afforded a medical source's opinion regarding the nature and severity of a claimant's impairments depends upon the treating relationship between the source and the claimant, the evidence supporting the medical opinion, whether the opinion is consistent with the record as a whole, and other factors.  <u>See</u> 20 C.F.R. §§ 404.1527(d), 416.927(d).  The opinion of a physician, even a treating physician, may be discounted if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole.  <u>See</u> 20 C.F.R. §§ 404.1527(d), 416.927(d); <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1159-60 (11th Cir. 2004).  Further, statements from a medical source regarding a Plaintiff's limitations are relevant but not determinative; the ALJ has the responsibility of assessing Plaintiff's RFC.  <u>See</u> 20 C.F.R. § 404.1527(e) (noting that opinions on whether claimant is disabled and claimant's RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case . . .").

Due to gaps in Plaintiff's treatment history, the ALJ requested that Dr. Trimmer perform a post-hearing psychological evaluation of Plaintiff.  After the evaluation, Dr. Trimmer completed a report and a Medical Source Statement form. (T 363-70) She determined that Plaintiff suffered from bipolar disorder and borderline intellectual functioning as well as an enlarged heart and other physical impairments (although Dr. Trimmer did not physically examine Plaintiff). (T 366)  Dr. Trimmer concluded that Plaintiff suffered mild to moderate limitations as a result of her mental

impairments and noted that Plaintiff "is not likely to be a reliable worker" (T 369) and "may be unable to maintain a schedule." (T 365) Nevertheless, Dr. Trimmer found that Plaintiff's attention and concentration were intact and that her memory skills were normal. She determined:

> [Plaintiff] appears to be capable of understanding and following simple instructions and directions. She appears to be capable of performing simple and some complex tasks independently. . . . She appears to be capable of learning new tasks. She appears to be capable of making appropriate decisions.

(Id.)

The ALJ gave Dr. Trimmer's opinion great weight and expressly found that it was consistent with Plaintiff's RFC for medium work with some restrictions. (T 24) The ALJ did not specifically mention Dr. Trimmer's finding that Plaintiff was not likely to be a reliable worker; however, the ALJ was not required to do so.

The assessment of a claimant's RFC is the province of the ALJ and is based on all relevant evidence in the record. See 20 C.F.R. §§416.945, 416.946. The ALJ addressed Plaintiff's potential reliability issue by restricting her to medium work with the occasional limitation on interacting with others. (T 21) Moreover, Dr. Trimmer's opinion is consistent with other medical evidence of record which indicated a fair prognosis for Plaintiff if she resumed psychiatric treatment. This restriction also takes into account Plaintiff's statements that when she gets frustrated when interacting with people at a job, she often leaves. (T 205A-06, 210, 414)

In addition to Dr. Trimmer, three other consultative examiners performed psychological evaluations of Plaintiff. Gerald Hodan, Ph.D. ("Dr. Hodan") evaluated Plaintiff in August 2003. (T 209-12) Dr. Hodan determined that Plaintiff "probably has the potential for average intelligence but is having some problems when it comes to sustained attention and concentration." (T 211) He recommended counseling but stated that "if [Plaintiff] experiences a high level of stress, she could

decompensate and possibly even need hospitalization. Overall, her reliability is considered to be quite poor." (T 211-12) However, Dr. Hodan noted that Plaintiff was capable of understanding, remembering, and following through on simple instructions and of performing simple, repetitive, and routine tasks. (Id.)

Peter Bursten, Ph.D. ("Dr. Bursten") evaluated Plaintiff in August 2004. (T 236-38) He diagnosed Plaintiff with depressive disorder and borderline personality disorder but did not suggest any limitations on Plaintiff's ability to work. (T 238) Dr. Bursten recommended outpatient counseling. (Id.)

Plaintiff underwent another psychological evaluation in March 2005 by Linda Appenfeldt, Ph.D. ("Dr. Appenfeldt"). During this evaluation, Plaintiff admitted to physically abusing her ex-husband and stated that she lost custody of her son to her husband and is only able to see him under supervised visitation restrictions. (T 304) Although Dr. Appenfeldt detected an "undercurrent of anger", she found: "[Plaintiff's] emotional and psychological functioning prognosis currently appears good with continued mental health treatment; fair without treatment." (T 305)

These consultative evaluations are consistent with Dr. Trimmer's and the available treatment records. Thus, the limitations the ALJ placed on Plaintiff's RFC due to Plaintiff's mental impairment adequately address Dr. Trimmer's concerns regarding Plaintiff's reliability and are supported by the record. The ALJ's RFC determination relating to Plaintiff's mental impairment is supported by substantial evidence.

**B.** Plaintiff also contends that the ALJ improperly rejected the opinion of Ladapo Shyngle, M.D. ("Dr. Shyngle"), a consultative examiner who opined that Plaintiff was limited to light work (Dkt.

15 at 18-19).[4]

Dr. Shyngle performed a physical examination of Plaintiff in July 2007, after Plaintiff's administrative hearing. (T 371-74) He diagnosed Plaintiff with hypertension with recurrent congestive heart failure, chronic obstructive pulmonary disease, and bipolar disorder. (T 373) He reported that Plaintiff had 5/5 grip strength, no muscle atrophy, no motor or sensory deficit, full range of motion in her shoulders, elbows, forearms, wrists, hips, knees, and ankles, and a grip strength of 5/5 in her upper and lower extremities. (T 373) Her gait was normal, she could walk on her heels and toes, she needed no assistive devices, she was able to get on and off the examining table, and she was able to rise from her chair although squatting was "50%." (T 372) Dr. Shyngle concluded that Plaintiff "has mild limitations for prolonged or heavy physical activities because of recurrent [congestive heart failure]." (T 373) However, on a Medical Source Statement completed after the exam, Dr. Shyngle checked boxes indicating that Plaintiff is capable of only light work. (T 378-83)

The ALJ rejected Dr. Shyngle's opinion because (1) it was inconsistent with the physical evaluation performed in November 2004 by Christopher Davey, M.D. ("Dr. Davey"), who reported results within a normal range; (2) Plaintiff was not receiving treatment at the time for any physical impairments; and (3) Dr. Shyngle's opinion appeared to be based on Plaintiff's subjective complaints rather than objective findings. (T 24) The ALJ instead limited Plaintiff to a restricted

---

[4] The ALJ's opinion notes that Dr. Shyngle found Plaintiff capable of only sedentary work. (T 24) However, the limitations Dr. Shyngle placed on Plaintiff actually correspond to those of light work. (T 378-83) Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). This oversight is of no importance as the ALJ's RFC assessment due to Plaintiff's physical impairments is supported by substantial evidence.

range of medium work.[5]  This decision is supported by substantial evidence.

Dr. Shyngle's Medical Source Statement that Plaintiff can lift only up to 20 pounds occasionally (T 378) is inconsistent with his report, noting that Plaintiff had only mild limitations "for prolonged or heavy physical activities." (T 378) Moreover, Dr. Shyngle's examination revealed essentially normal findings.

Plaintiff's testimony focused almost entirely on her mental health issues and the impact her depression has on her ability to keep a job. (T 413-20)  In fact, although she testified that she had a heart condition and felt tired and short of breath on occasion, she was not seeking treatment for it and had not seen a cardiologist nor a pulmonologist. (T 423)  She testified that she was able to complete a list of household chores (including sweeping and mopping) that her mother-in-law gave her every morning and was able to play with her five-year-old son in the afternoon. (T 422, 424-25) The ALJ mentioned these activities, among other factors, in concluding that Plaintiff's testimony regarding her limitations was not entirely credible. (T 22) There is substantial evidence supporting this determination as well.  See Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989) (per curiam).

### III.

The ALJ's decision is supported by substantial evidence and the proper legal principles.  The decision of the Commissioner is therefore affirmed.

Accordingly, it is **ORDERED** that:

(1)     the decision of the Commissioner is **AFFIRMED** and the case is **DISMISSED**, with

---

[5]  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  20 C.F.R. § 404.1567(c).

each party to bear its own costs and expenses; and

(2)      the Clerk of the Court shall enter final judgment in favor of Defendant consistent

with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida on this 19th day of August, 2009.


ELIZABETH A JENKINS
United States Magistrate Judge